## *DELIOLE* vs *MORGAN.*

An action of trespass is prescribed by a year.

APPEAL from the court of the parish and city of New Orleans.

MARTIN, J. delivered the opinion of the court. The petitioner states, that the defendant, sheriff of the parish, forcibly and illegally deprived her of a lot of ground and buildings thereon, by selling them without any right so to do; well knowing at the time, that the premises were her property. She concluded, with a prayer, that the sale may be declared null;

that the defendant may be denied a monthly rent of $10; and $2000 for the damages she sustained.

East'n District.
*Dec.* 1823.

DELIOLE
*vs.*
MORGAN.

The defendant pleaded the general issue—that he sold the premises under an execution from the court of the first judicial district—that the sale caused no damage to the plaintiff—that she has no title—that his vendee has ever since been in possession—and that he claims no title. He further pleaded prescription.

There was judgment against the plaintiff, and she appealed.

The statement of facts shews, that the defendant sold the plaintiff's property, on an execution against another person; that before the sale, he was informed of the plaintiff's title, and advised her to oppose the execution of the writ; but the action is one of trespass, and prescription, is pleaded.

The alleged trespass is stated to have been committed on the 6th of March, 1822; and the petition appears to have been filed on the 11th of April, 1823; so that upwards of thirteen months had elapsed on the inception of the suit. This was clearly too late.

The action was prescribed by the lapse of the year. *Part* 7, 92. See the defendant's

East'n District.
Dec. 1823.

DOLIOLLE
vs.
MORGAN.

argument, in *Prevost & wife* vs. *Hennen.* 5 *Martin*, 257—265.

For this reason, it is ordered, adjudged, and decreed, that the judgment of the parish court be affirmed, with costs.

*Canon* for the plaintiff, *Denis* for the defendant.